**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
ADAN EUCEDA,
Individually, and on behalf of all others similarly
situated,

                Plaintiff,

-against-

PREESHA OPERATING CORP.,
doing business as Ranch 1, PREESHA ONE
OPERATING LLC, doing business as
Ranch 1, and RAKESH CHADHA,
                     Defendants.
-----------------------------------------------------------X

**ADOPTION ORDER**
14-CV-3143 (ADS) (SIL)

**APPEARANCES:**

**Neil H. Greenberg & Associates, P.C.**
*Attorneys for the Plaintiffs*
4242 Merrick Rd
Massapequa, NY 11758
    By: Justin M. Reilly, Esq.
        Neil H. Greenberg, Esq., Of Counsel

**SPATT, District Judge**.

On May 19, 2014, the Plaintiff Adan Euceda (the "Plaintiff"), individually and on behalf of all others similarly situated, commenced this action against the Defendants Preesha Operating Corp. doing business as Ranch 1, Preesha One Operating LLC doing business as Ranch 1, and Rakesh Chadha (collectively, the "Defendants"). The Plaintiff seeks to recover unpaid wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law §§ 190 *et seq.* ("NYLL").

On October 1, 2015, the Plaintiff moved for a default judgment.

On October 2, 2015, the Court referred the Plaintiff's motion to United States Magistrate Judge Steven I. Locke for a recommendation as to whether the motion should be granted, and if

so, (1) whether damages should be awarded, including reasonable attorney's fees and costs, and (2) whether any other relief should be granted.

On July 13, 2016, Judge Locke issued a report ("R&R") recommending that damages be awarded in the amount of $33,249.41, comprised of: (i) $16,759.00 in compensatory damages; (ii) $8,786.13 in liquidated damages; and (iii) $7,704.28 in pre-judgment interest, with interest accruing at a daily rate of $4.04 until judgment is entered. In addition, Judge Locke recommended that the Plaintiff be granted leave to move for attorneys' fees and costs.

It has been more than fourteen days since the service of the R&R, and the parties have not filed objections.

As such, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result. See Coburn v. P.N. Fin., No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the R&R is adopted in its entirety. The Plaintiff may move for attorneys' fees within thirty days of the date of this Order.

**SO ORDERED.**
Dated: Central Islip, New York
September 30, 2016

                                            /s/ Arthur D. Spatt
                                                  ARTHUR D. SPATT
                                              United States District Judge