UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ADAN EUCEDA, Individually, and on behalf of all others similarly situated,

       Plaintiff,

 -against-

PREESHA OPERATING CORP. d/b/a RANCH 1, PREESHA ONE OPERATING LLC d/b/a/ RANCH 1, and RAKESH CHADHA,

       Defendants.
-----------------------------------------------------------x

**REPORT AND RECOMMENDATION**
14 cv 3143 (ADS)(SIL)

**LOCKE, Magistrate Judge:**

 Presently before the Court, on referral from the Honorable Arthur D. Spatt for Report and Recommendation, is Plaintiff's application for attorneys' fees and costs. *See* Docket Entry ("DE") [27]. Plaintiff Adan Euceda ("Plaintiff") commenced this action against Defendants Preesha Operating Corp. d/b/a Ranch 1, Preesha One Operating LLC d/b/a Ranch 1, and Rakesh Chadha (collectively "Defendants"),[1] alleging (i) failure to compensate him for overtime hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*; and (ii) failure to pay compensation under the NYLL. *See* DE [1]. The Court previously recommended that Plaintiff's motion for default judgment be granted and that Plaintiff be granted leave to file a motion for attorneys' fees and costs. *See* DE [21]. On September 30, 2016, Judge Spatt

---

[1] Although the caption indicates the intent to proceed as a class or collective action, no motion for certification was ever filed.

1

adopted the Court's report in its entirety and granted Plaintiff leave to file the instant application. *See* DE [23].

For the reasons set forth herein, the Court respectfully recommends that Plaintiff be awarded a total of $7,700.00, comprised of $7,350.00 in attorneys' fees and $350.00 in costs. The Court further recommends that the remainder of Plaintiff's application as it relates to costs be denied without prejudice and with leave to renew upon the submission of the appropriate supporting documentation.

**I.      Background**

By way of a Complaint dated May 19, 2014, Plaintiff commenced this action against Defendants, seeking to recover damages for violations of federal and state wage-and-hour laws. *See* DE [1]. According to the Complaint, where Plaintiff's allegations are deemed admitted by virtue of the Court's prior orders, *see* DE [23], Euceda is a resident of Hempstead, New York, and was employed by Defendants as a "food prep person, cook, and cashier" from approximately March 2006 through March 2014. Compl. ¶¶ 5-6. Defendants Preesha One Operating, LLC and Preesha Operating Corp. (together the "Corporate Defendants") own and operate Ranch 1, a restaurant located at Roosevelt Field Mall in Garden City, New York. *Id.* at ¶¶ 9, 12. Both have an office at 48-44 192nd Street in Fresh Meadows, New York. *Id.* at ¶¶ 10, 13. Defendant Rakesh Chadha is an officer and director of the Corporate Defendants, and participated in their day-to-day management, including determining employees' salaries, making hiring decisions, and creating,

2

implementing, and supervising the wage and hour practices and policies for Ranch 1 employees.  *Id.* at ¶ 15.

On May 19, 2014, Euceda commenced this litigation against Defendants seeking unpaid overtime and spread of hours pay.  *See* Compl.  Defendants failed to respond or otherwise appear in this matter, and a Certificate of Default was entered on June 22, 2015.  *See* DE [12].  On December 4, 2015, Euceda moved for a default judgment, seeking:  (i) overtime compensation under the FLSA for the period of May 19, 2011 through July 2, 2011; (ii) overtime compensation under the NYLL for May 19, 2008 through May 19, 2011; and (iii) NYLL spread of hours compensation for the period of January 1, 2011 until the end of his employment in March 2014.  DE [15].  This Court, on July 13, 2016, recommended that Plaintiff's motion for default judgment be granted and that Plaintiff be awarded damages totaling $33,249.41, comprised of: (i) $16,759.00 in compensatory damages; (ii) $8,786.13 in liquidated damages; and (iii) $7,704.28 in pre-judgment interest, with interest accruing at a daily rate of $4.04 until judgment is entered.  *See* DE [21].  The Court further recommended that Plaintiff be granted leave to file a motion for attorneys' fees and costs.  *See id.*  On September 30, 2016, Judge Spatt adopted the Court's report in its entirety and granted Plaintiff leave to file the instant application.  *See* DE [23].

Plaintiff now seek to recover a total of $7,350.00 for attorneys' fees for 24.5 hours of work performed and $600.00 in costs.  *See* Declaration of Justin M. Reilly ("Reilly Decl.") ¶ 10.  In support of his motion, Plaintiff submits counsel's billing time records from March 31, 2014 through November 30, 2016.  *See* DE [27-3].

3

## II. Legal Standard

Pursuant to the FLSA and NYLL, a prevailing plaintiff is entitled to an award of reasonable attorneys' fees and costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law. §§ 198(1)-(2), 663(1); *see also Apolinar v. Global Deli & Grocery, Inc.*, No. 12-cv-3446, 2013 WL 5408122, at *15 (E.D.N.Y. Sept. 25, 2013) ("Both the FLSA and New York state law provide for an award of reasonable attorneys' fees and costs."). In an FLSA case, a plaintiff prevails "if he 'succeed[s] on any significant issue in litigation which achieves some of the benefit . . . sought in bringing suit.'" *Velasquez v. Digital Page, Inc.*, 124 F. Supp. 3d 201, 203 (E.D.N.Y. 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983)).

## III. Discussion

Applying the standards outlined above, and for the reasons set forth below, the Court recommends that Plaintiff be awarded a total of $7,700.00, comprised of $7,350.00 in attorneys' fees and $350.00 in costs.

### A. Attorneys' Fees

The party seeking reimbursement of attorneys' fees bears the burden of proving the reasonableness and necessity of hours spent and rates charged. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1139 (2d Cir. 1983). In determining a reasonable attorneys' fees award, both the Supreme Court and the Second Circuit have held that "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)

(quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 183 (2d Cir. 2007)). In calculating the presumptively reasonable fee, the court should look to what a "reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively" would be willing to pay. *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 184.

    1. Reasonable Hourly Rate

For purposes of the lodestar, "[a] reasonable rate is the rate that a reasonable, paying client would be willing to pay." *Barrella v. Vill. of Freeport*, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted). Courts in the Second Circuit adhere to the forum rule, "which states that a district court should generally use the prevailing hourly rates in the district where it sits." *Joseph v. HDMJ Rest., Inc.*, 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013) (citing *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 176 (2d Cir. 2009)). When an application for attorneys' fees seeks to recover for services that "were performed many years before the award is made, the rates used by the court . . . should be 'current rather than historic hourly rates.'" *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998) (quoting *Missouri v. Jenkins*, 491 U.S. 274, 284, 109 S. Ct. 2463 (1989)).

Courts in the Eastern District of New York regularly award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals. *See Ferrara v. CMR Contracting LLC,* 848 F. Supp. 2d 304, 313 (E.D.N.Y. 2012) ("In recent years, courts in this district have approved hourly fee rates in the range of $200 to $450 for partners, $100 to $300 for

5

associates and $70 to $100 for paralegal assistants."). In determining whether an hourly rate is reasonable, courts must take into account "the nature of [the] representation and type of work involved . . . ." *Bodon v. Domino's Pizza, LLC*, No. 09-cv-2941, 2015 WL 3889577, at *8 (E.D.N.Y. June 4, 2015). A reasonable hourly rate "does not depend on whether the attorney works at a private law firm or a public interest organization." *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 184 n.2 (citing *Blum v. Stenson*, 465 U.S. 886, 894, 104 S. Ct. 1541 (1984)). Here, Plaintiff seeks an hourly rate of $300 for attorney Justin M. Reilly.

Mr. Reilly has sixteen years of civil litigation experience. *See* Reilly Decl. ¶ 5. In those sixteen years, he has prosecuted and defended cases involving Title VII, the FMLA, ADEA, ADA, New York Executive Law, New York City Administrative Code, FLSA, and NYLL claims in federal and state courts in New York. *See id*. In the Eastern District of New York, Mr. Reilly has received an hourly rate of $300 for his work in previous FLSA cases. *See Duran v. K&J Supermarket, Inc., et. al.*, No. 11-cv-276 (E.D.N.Y. July 2, 2013) (recommending hourly rate of $300 for Justin M. Reilly); *Akin v. Anjon of Greenlawn, Inc.*, No. 12-cv-4286 (E.D.N.Y. Sept. 24, 2015) (awarding Justin M. Reilly an hourly rate of $300 per hour). Given Mr. Reilly's experience in litigating employment law cases, and recognizing his previously awarded hourly rates, the Court recommends that Mr. Reilly be granted his hourly rate of $300.

6

2. <u>Reasonable Number of Hours</u>

A party seeking to recover attorneys' fees "bears the burden of establishing that the number of hours for which compensation is sought is reasonable." *Ganci v. U.S. Limousine Serv. Ltd.*, No. 10-cv-3027, 2015 WL 1529772, at *2 (E.D.N.Y. Apr. 2, 2015). An application for attorneys' fees must be supported "by accurate, detailed, and contemporaneous time records." *La Barbera v. ASTC Labs, Inc.*, 752 F. Supp. 2d 263, 277 (E.D.N.Y. 2010); *see also Gesualdi v. Gen. Concrete, Inc.*, No. 11-cv-1866, 2013 WL 1192967, at *9 (E.D.N.Y. Feb. 1, 2013) ("The absence of contemporaneous records precludes any fee award in all but the most extraordinary of circumstances.") (quoting *Scott v. City of N.Y.*, 626 F.3d 130, 133-34 (2d Cir. 2010)). Contemporaneous time records submitted in support of an application need not contain great detail so long as they identify the general subject matter of time expenditures. *See Perdue v. City Univ. of N.Y.*, 13 F. Supp. 2d 326, 345 (E.D.N.Y. 1998).

Courts should not award attorneys' fees for "hours that were 'excessive, redundant, or otherwise unnecessary' to the litigation." *Cho v. Koam Med. Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (quoting *Hensley*, 461 U.S. at 434). In reducing an award due to excessive hours, a court is not required to "set forth item-by-item findings concerning what may be countless objections to individual billing items." *Lunday v. Cty. of Albany*, 42 F.3d 131, 134 (2d Cir. 1994). Rather, it is within the court's discretion to reduce an award of attorneys' fees by a specific percentage for duplicative, vague, or excessive billing entries. *See In re "Agent Orange" Prods. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987) ("[T]he district court has the authority

to make across-the-board percentage cuts in hours as a practical means of trimming fat from a fee application.") (internal quotation omitted).

Here, Plaintiff seek attorneys' fees for a total of 24.5 hours of work. *See* Reilly Decl. ¶ 8. According to Plaintiff, the 24.5 hours of work was comprised of face-to-face meetings with Plaintiff, drafting and filing a complaint, drafting a specific and detailed computation of damages, drafting and filing a certificate of default, preparing a motion for a default judgment, and preparing for the instant fee application. *See id.*, ¶ 7. Plaintiff submits records from March 31, 2014 through November 30, 2016, which include the date, the nature of work performed, and the amount of time spent. *See id.* at Ex. A. Upon review of Plaintiff's billing records, the Court is satisfied that they provide sufficient information to assess the reasonableness of Plaintiff's application. *See Perdue*, 13 F. Supp. at 46 (requiring that time entries identify the "general subject matter of time expenditures") (internal quotation omitted). Moreover, the Court concludes that the amount of time spent and the nature of the work conducted is reasonable.

### B. <u>Costs</u>

Both the FLSA and NYLL also provide for the recovery of reasonable costs. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1); *see also Becerra v. Well Made Cleaning Enters., Inc.*, No. 14-cv-3147, 2015 WL 5009274, at *9 (E.D.N.Y. Aug. 21, 2015) ("[The FLSA and NYLL] similarly allow prevailing Plaintiff to recover costs from defendants."). Recoverable costs generally include "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc–*

8

*Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998).  The party seeking to recover costs "bears the burden of adequately documenting and itemizing the costs requested."  *Ganci*, 2015 WL 1529772, at *8 (quoting *Pennacchio v. Powers*, No. 05-cv-985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011)).  In the absence of adequate substantiation, a party is not entitled to recover costs.  *See Douyon v. N.Y. Med. Health Care, P.C.*, 49 F. Supp. 3d 328, 352 (E.D.N.Y. 2014) ("[W]ith this record, the Court has no way of confirming that these costs . . . were incurred by counsel."); *Joe Hand Promotions, Inc. v. Elmore*, No. 11-cv-3761, 2013 WL 2352855, at *12 (E.D.N.Y. May 12, 2013) (declining to award costs due to an absence of documentation).

Here, Plaintiff seek to recover a total of $600.00 in costs for the filing of the complaint and service on Defendants.  *See* Reilly Decl. ¶ 10.  Such costs are generally recoverable.  *See, e.g.*, *Cardoza v. Mango King Farmers Market Corp.*, No. 14-cv-3314, 2015 WL 5561033, at *19 (E.D.N.Y. Sept. 1, 2015) ("Costs relating to filing fees, process servers, postage and photocopying are ordinarily recoverable.").  However, Plaintiff has failed to provide any substantiation, such as invoices or receipts, documenting the costs he now seeks to recover.  Although the Court takes judicial notice of the Court's $350.00 filing fee, the Court does not recommend an award for costs that lack supporting documentation.  *See Li Ping Fu v. Pop Art Int'l Inc.*, No. 10-cv-8562, 2011 WL 4552436, at *5 (S.D.N.Y. Sept. 19, 2011) ("The Court takes judicial notice of the Court's own filing fee amount, but plaintiff has not provided supporting documentation as to [other costs] and therefore that amount is not recoverable."); *see also PMB Tech. Servs., LLC v. Mazoureix*, No. 14-cv-4834, 2015 WL

9

5664813, at *6 (E.D.N.Y. June 22, 2015) ("[T]he Court recommends the remainder of Plaintiff's costs request be denied with leave to renew upon submission of the appropriate supporting documentation . . . ."). Accordingly, the Court recommends that Plaintiff be awarded $350.00 in costs for filing fees, but that the remainder of Plaintiff's application as it relates to costs be denied without prejudice with leave to renew upon the submission of the appropriate supporting documentation.

## IV. Conclusion

For the reasons set forth herein, it is respectfully recommended that Plaintiff's motion for attorney's fees and costs be granted and that Plaintiff be awarded a total of $7,350.00 in attorneys' fees and $350.00 in costs for a total of $7,700.00. The Court further recommends that the remainder of Plaintiff's application as it relates to costs be denied without prejudice and with leave to renew upon the submission of the appropriate supporting documentation.

## V.     Objections

A copy of this Report and Recommendation is being sent to counsel for all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      June 30, 2017                        /s/ Steven I. Locke
                                           STEVEN I. LOCKE
                                           United States Magistrate Judge